IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH ZAPPALA, | ) | Civil Division |
| | ) | |
| Plaintiff, | ) | No. 2:21-cv-704 |
| v. | ) | |
| | ) | |
| GREAT ARROW BUILDERS, LLC, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

### COMPLAINT

AND NOW COMES Plaintiff Joseph Zappala ("Plaintiff" or "Mr. Zappala"), by and through his undersigned counsel, and brings this Complaint seeking legal and equitable relief for age discrimination, retaliation and wrongful termination of Plaintiff against Defendant Great Arrow Builders, LLC ("Defendant" or "Great Arrow") in violation of the Age Discrimination in Employment Act 29 U.S.C. § 621, *et seq.* ("ADEA"), and pendent state law claims arising under the provisions of the laws of this Commonwealth, to wit, the Pennsylvania Human Relations Act, 42 P.S. § 951, et seq. (hereinafter referred to as "PHRA"), stating as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1332 and 1391. This action is authorized and instituted pursuant to the ADEA and the PHRA.

2. The unlawful employment practices and wrongful termination were committed by the Defendant in Beaver Falls and/or Monaca, Pennsylvania, where Plaintiff worked for Defendant in or around Beaver County, Pennsylvania. Therefore, the United States District Court for the Western District of Pennsylvania is the proper venue for the action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §1391(b).

1

3. Plaintiff timely exhausted his administrative remedies by filing a charge against Defendant on April 10, 2020 with the United States Equal Employment Opportunity Commission ("EEOC") at Charge No. 533-2020-01378 dual filing with the Pennsylvania Human Relations Commission. Plaintiff's Charge is incorporated by reference as if fully set forth herein. On February 25, 2021, the EEOC mailed Plaintiff a Dismissal and Notice of Rights letter (the "Right to Sue" letter) advising him of the right to bring this action. Plaintiff has filed the instant suit within 90 days of receipt of the Right to Sue letter.

4. At all relevant times hereto, Defendant was an employer within the meaning of the ADEA and PHRA.

## PARTIES

5. Plaintiff is a 64-year-old male individual who resides at 139 Bradford Street, Syracuse, NY 13207.

6. At all relevant times hereto, Defendant Great Arrow Builders is a constriction services company for which Plaintiff completed work related to the construction of the Pennsylvania Chemicals facility, commonly known as the Shell cracker plant, in Monaca, Pennsylvania, and Great Arrow's principal place of business is located at 1413 9th Avenue, Beaver Falls, PA 15010 (or P.O. Box 187, Monaca, PA 15061.

## FACTS

7. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

8. Mr. Zappala worked for Great Arrow at the Cracker Plant from June 4, 2019 through January 17, 2020 when he was wrongfully terminated based on his age after enduring offensive and discriminatory remarks from supervisors based on his age.

9. Mr. Zappala completed all job functions, roles and responsibilities while employed by Great Arrow as a pipefitter in at least a satisfactory manner.

10. Nonetheless, Great Arrow and specifically Cody Lowry, a 29-year-old general foreman and supervisor of Mr. Zappala at the Cracker Plant, constantly berated, belittled, harassed, and ultimately fired Mr. Zappala because of his age.

11. For example, Mr. Lowry in front of a number employees (Daryl Keith, Mike Vester, Gerry Angler and Jack White) and the shop steward (Kurt Steigerward) made numerous comments to and about Plaintiff including but not limited to: "Joe is too old to climb stairs," "Joe is old and worthless," "I hope Joe does not come back from Christmas; I hate that old man," and "Did you take your Geritol today?"

12. Plaintiff repeatedly asked Mr. Lowry and his supervisors that they stop making the derogatory comments concerning his age and about him "being an old man;" however, such requests were only met with increased harassment and additional remarks about Plaintiff's age by Mr. Lowey in the workplace.

13. Mr. Lowry wrongfully terminated Mr. Zappala over a minor drill bit issue to mask the discriminatory and retaliatory intent of age behind the firing.

14. The drill bit issue did not even warrant discipline, much less a termination.

15. Moreover, younger employees consistently broke drill bits but did not receive counseling and certainly were not fired.

16. Nonetheless, Mr. Lowery trumped up pretextual charges against Mr. Zappala to labor relations in order to fire him because of his age and to mask the discriminatory and retaliatory intent behind the termination.

17. Mr. Lowry harassed Mr. Zappala daily about his age, as he referred to him as an "old man" almost daily and constantly referred to him as old and worthless.

18. James McGhee, Superintendent, knew Mr. Lowry was discriminating against Mr. Zappala and, rather than address it, Mr. McGhee aggravated the discrimination and also made derogatory comments to Mr. Zappala based on his age.

19. Mr. Zappala asked both supervisors to please stop with the age comments numerous times, but it only made matters worse and led to retaliation by way of more offensive comments and ultimately the unlawful firing due to his age.

20. During a meeting with labor relations, Mr. Lowry even referred to Mr. Zappala as the old man and no one corrected him further reflecting the Great Arrow's fostering of a discriminatory and retaliatory work environment to older employees and specifically Mr. Zappala.

21. Great Arrow did not possess a legitimate, business or non-discriminatory/non-retaliatory reason for the termination, and this conduct has caused Plaintiff irreparable harm and humiliation.

22. Defendant's aforementioned conduct and disparate treatment of Plaintiff constitute discrimination, retaliation and wrongful termination based on age in violation of the ADEA and PHRA.

23. At all times relevant hereto, Defendant was an employer within the meaning of and subject to anti-discrimination and anti-retaliation statutes.

24. Plaintiff is in a protected class under the ADEA and PHRA at the time the acts of discrimination and retaliation occurred.

25. At all relevant times hereto, Defendant acted or failed to act by and through its duly authorized agents, servants, and employees, who conducted themselves within the scope and course of their employment.

## COUNT I
## ADEA DISCRIMINATION, RETALIATION & WRONGFUL TERMINATION

26. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

27. The aforementioned conduct including the derogatory remarks by supervisors concerning Plaintiff's age, continued offensive comments after Plaintiff requested that they stop harassing him because of his age, and firing of Plaintiff constitutes discrimination, retaliation and wrongful termination under the ADEA.

28. Plaintiff has been unable to secure comparable employment and, thus, has suffered substantial lost wages as a result of Great Arrow's age discrimination and retaliation against him as well as his wrongful termination.

29. The foregoing misconduct and acts of age discrimination, retaliation and wrongful termination by Defendant and its agents were undertaken with malice and/or reckless indifference to his federally protected right to be free from age discrimination.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

## COUNT II
## PHRA – DISCRIMINATION, RETALIATION & WRONGFUL TERMINATION

30. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

31. This is an action arising under the provisions of the laws of the PHRA and this Honorable Court has, and should, exercise pendent jurisdiction over the same because the cause of action set forth in this COUNT II arises out of the same facts, events and circumstances as in the above COUNT, and therefore judicial economy and fairness dictate that this COUNT II be brought in this same Complaint.

32. At all times relevant, Defendant was an "employer" within the meaning of Section 954(b) of the PHRA.

33. By engaging in the creation and fostering of a discriminatory and retaliatory environment based on age, Defendant violated Section 955(a) of the PHRA which prohibits discrimination and retaliation based upon age regarding the continuation and tenure of employment.

34. Defendant knew or should have known about the discriminatory and retaliatory conduct to which Plaintiff was subjected and failed to take appropriate remedial action.

35. Defendant's failures to maintain a workplace free of age discrimination and retaliation and to take prompt remedial action were intentional, malicious and in reckless indifference to Plaintiff's protected state rights.

36. Plaintiff engaged in a protected activity as described by Section 955(d) of the PHRA, which includes the opposition of any practice forbidden by the PHRA or advising Defendant verbally of the ongoing age discrimination and retaliation including egregious and offensive comments by supervisors concerning his age.

37. Defendant was aware of Plaintiff's protected activity yet retaliated against him nonetheless as his supervisor continued to make offensive comments related to Plaintiff's age and

ultimately facilitated Plaintiff's firing because of his age and due to him requesting that the offensive remarks cease.

38. Defendant's discriminatory and retaliatory conduct towards Plaintiff because of his age and as a result of him engaging in a protected activity remains a violation of the PHRA.

39. Defendant's discriminatory and retaliatory conduct toward Plaintiff was intentional, malicious and in reckless indifference to Plaintiff's protected state rights.

## **DEMAND FOR JURY**

WHEREFORE, Plaintiff demands judgment against Defendant, and damages in excess of $75,000 as follows:

a. That Plaintiff be awarded actual and consequential damages to make Plaintiff whole including back pay with prejudgment interest, front pay and compensation for lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of Plaintiff's damages associated with Defendant's unlawful discrimination, retaliation and wrongful termination of Plaintiff pursuant to the ADEA and PHRA, plus interest;

b. That Plaintiff be awarded economic and compensatory damages to compensate for all costs associated with the discrimination, retaliation and wrongful termination including lost wages;

c. That Plaintiff be awarded nominal damages;

d. That Plaintiff be awarded punitive damages in an amount sufficient to punish Defendant for its intentional, wanton and malicious conduct and to deter similar misconduct;

e. That Plaintiff be awarded the costs of this litigation, including reasonable attorney's fees; and

f.  That Plaintiff be awarded such further relief as deemed to be just and proper.

Date:   May 26, 2021					Respectfully Submitted,


							*/s/ Brian P. Benestad*
							Brian P. Benestad, Esquire
							Pa. I.D. 208857
							HKM EMPLOYMENT ATTORNEYS LLP
							220 Grant Street
							Suite 401
							Pittsburgh, PA  15219
							412.485.0133
							bbenestad@hkm.com

							**JURY TRIAL DEMANDED**